**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
|     Plaintiff/Respondent, § | | |
| § | | |
| V. § | | CR. No. C-06-739 |
| § | | C.A. No. C-08-343 |
| RENE HERRERA-GARDUNO, § | | |
|     Defendant/Movant. § | | |

**ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE, AND
ORDER DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Movant Rene Herrera-Garduno's ("Herrera") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (D.E. 41.)[1] The government has filed a response and motion for dismissal. (D.E. 48, 49.) Herrera filed a reply, titled as an "Objection" (D.E. 50), which the Court has also considered. For the reasons set forth below, the Court DENIES Herrera's motion. Additionally, the Court DENIES Herrera a Certificate of Appealability.

### I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

### II. FACTS AND PROCEEDINGS

**A.    Summary of Offense**[2]

On October 28, 2006, a tractor trailer arrived at the U.S. Border Patrol Checkpoint in Falfurrias, Texas. A search of the sleeper compartment of the tractor revealed Herrera and two other illegal aliens. Investigation revealed that Herrera entered into the United States without obtaining

---

[1] Dockets entries refer to the criminal case, C-06-cr-739.

[2] The offense conduct as set forth herein is derived from Paragraphs 4 and 5 of Herrera's Presentence Investigation Report ("PSR").

consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security. A records check revealed that Herrera previously had been deported on May 12, 2005, after three convictions in Dallas, Texas. Specifically, he was convicted on March 12, 2003 of the felony drug trafficking offenses of Unlawful Possession with Intent to Deliver a Controlled Substance (Heroin), Unlawful Delivery of a Controlled Substance (Heroin), and Unlawful Possession with Intent to Deliver a Controlled Substance (Heroin).

**B.      Criminal Proceedings**

In the instant case, Herrera was charged in a one-count indictment on November 16, 2006 with being unlawfully found in the United States after being previously excluded, deported and removed, in violation of 8 U.S.C. §§ 1326(a) and 1326(b). (D.E. 6.) On January 2, 2007, he pleaded guilty to the indictment. (D.E. 12.) There was not a written plea agreement.

The PSR scored Herrera at a base offense level of 8, but increased the offense level by 16 levels pursuant to § 2L1.2(b)(1)(A),[3] due to his three prior convictions for felony drug trafficking offenses. (PSR at ¶¶ 10-11.) He was given a three-level downward departure for acceptance of responsibility, resulting in a total offense level of 21. (PSR at ¶¶ 16-19.) When coupled with his criminal history category of V, his resulting advisory guideline range was 70 to 87 months. (PSR at ¶¶ 21-30, 45.)

Herrera, by and through his appointed counsel, Assistant Federal Public Defender Christopher Jenkins, filed two sets of written objections to the PSR. (D.E. 14, 19.) Specifically, Herrera relied on United States v. Juan Gonzales, No. 05-41221 (5th Cir. 2007) and objected to the

---

[3] The PSR utilized the 2006 edition of the United States Sentencing Guidelines. (PSR at ¶ 9). All citations herein to the guidelines are to that edition.

16-level increase on the grounds that the offense of "delivery" of a controlled substance under Texas law includes an "offer to sell" drugs. Because this conduct is outside the Guidelines' definition of drug trafficking, Herrera argued, his prior offenses for "delivery" of heroin should not result in the 16-level increase for a drug trafficking offense. (D.E. 19.)

Herrera also objected to the imposition of any sentence beyond two years because the indictment did not charge him with reentry after removal for a felony or aggravated felony. (D.E. 14 at 6-8.) Herrera acknowledged, however, that this objection was foreclosed by current precedent. (D.E. 14 at 8.)

On March 13, 2007, the case was called for sentencing, and the Court began to hear argument regarding the defense objections. The United States requested a continuance so that it could respond more fully to the objections, including speaking with its appellate division to determine the government's official position on the issue of whether the 16-level enhancement was applicable. (See Minute Entry dated March 13, 2007; see also D.E. 30, Transcript of March 13, 2007 Call for Sentencing at 12-18.) The Court granted the continuance.

On March 21, 2007, the Court recalled the case for sentencing. The Court sustained the defendant's objections to the 16-level enhancement, and also sustained the defendant's objections to an 8-level enhancement. In reliance on the Gonzales case, the Court concluded that Herrera's prior convictions were neither drug trafficking offenses, nor aggravated felonies. (D.E. 31, Sentencing Transcript at 13-14.) The Court thus increased his base offense level by only 4 levels, for a prior felony, resulting in a total offense level of 10. Combined with Herrera's criminal history category of V, his advisory guideline range was 21 to 27 months.

The United States argued that, under 18 U.S.C. § 3553, a guideline sentence would be

inadequate. AUSA Thorpe specifically argued that "but for this weird definitional quirk in Texas law," Herrera would be subject to a far higher guideline range. (S. Tr. at 14.) The United States, therefore, recommended a sentence of 80 months.

The Court agreed with the reasoning of the United States, and imposed a non-Guidelines sentence of 60 months in the custody of the Bureau of Prisons, to be followed by a three-year supervised release term. The Court also imposed a special assessment of $100. (D.E. 22, 23.) Judgment of conviction was entered on March 27, 2007. (D.E. 23.) Herrera timely appealed.

On appeal, Herrera argued that his non-Guidelines sentence was an unreasonable upward departure from the advisory Guidelines range for a number of reasons. (D.E. 38 at 1 (Fifth Circuit opinion in this case); United States v. Herrera-Garduno, 519 F.3d 526 (5th Cir. 2008).) In an eight-page opinion, the Fifth Circuit rejected his arguments and affirmed the judgment of this Court. (D.E. 38.) The appellate court also noted that, subsequent to Herrera's sentencing, it determined that a prior conviction under Texas Health & Safety Code § 481.112(a) for "possession with intent to deliver" would be an appropriate basis for a 16- level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(I). (D.E. 38 at 2 & n3 (citing United States v. Ford, 509 F.3d 714, 715 (5th Cir. 2007), decided on December 11, 2007).)[4]

According to the Fifth Circuit's docket sheet, Herrera did not file a petition for writ of certiorari. (See Docket in United States v. Herrera-Garduno, No. 07-40327 (5th Cir.).) Herrera's § 2255 motion was received by the Clerk on October 20, 2008. (D.E. 41.) It is timely.

---

[4] Had Ford been decided prior to Herrera's sentencing, then, the 16-level enhancement would have applied and his guideline range would have been 70 to 87 months.

4

### III. MOVANT'S ALLEGATIONS

In his § 2255 motion, Herrera asserts two grounds for relief. Although he offers little in the way of supporting facts in his motion, he does elaborate slightly on his claims in his reply. (See D.E. 50.) First, he argues that he was denied effective assistance of counsel because his counsel failed to challenge the prior convictions used to enhance his sentence. Second, he argues that his sentencing counsel was constitutionally ineffective because he failed to challenge Herrera's "prior order of removal [deportation] during the trial proceedings." (D.E. 50 at 1.) In his reply, he argues that the counsel should have objected to the Court's jurisdiction to impose a sentence beyond the two-year statutory maximum because he never admitted the removal and it was not alleged in the indictment. He also faults counsel for not being familiar with "the law of the case doctrine." Herrera thus claims that the Court "never found the existence of a subsequent removal." (D.E. 50 at 1-2.)

For the reasons set forth herein, the Court concludes that Herrera is not entitled to relief as to his claims.

### IV. DISCUSSION

**A.     28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage

5

of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

**B.     Ineffective Assistance of Counsel Claims**

    **1.     General Standards**

Herrera's ineffective assistance claims are properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001). To establish prejudice as a result of alleged errors at sentencing, a § 2255 movant must show that there is a reasonable probability that, but for counsel's alleged errors, the sentencing would have been different. See United States v. Phillips, 210 F.3d 345, 350 (5th Cir. 2000). This requires him to show a reasonable probability that he would have received a lesser sentence. United States v. Grammas, 376 F.3d 433, 438-39 (5th Cir. 2004).

If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

## 2.     Ineffective Assistance of Counsel At Sentencing

Because of the lack of detail provided by Herrera, it is difficult to discern the precise challenges he is claiming should have been made by his sentencing counsel.  Irrespective of how his claims are construed, however, there is no evidence to support any contention that, but for his counsel's alleged errors, Herrera would have received a lesser sentence.   As discussed herein, therefore, his motion fails.

First, to the extent that Herrera is arguing that his counsel failed to challenge the use of his prior convictions to enhance his sentence, his argument fails on the plain record of this case.  As noted above, counsel in fact *successfully* challenged the use of Herrera's convictions to increase his offense level, reducing his total offense level from a 21 to a 10.  While the Court elected to impose a non-guidelines sentence, had counsel not made those challenges, Herrera's guideline sentence would have been higher than the sentence he received.  Moreover, the propriety of the imposed sentence has been challenged and affirmed on appeal.  (See D.E. 38.)

If Herrera is arguing that counsel should have challenged the use of his prior convictions to determine his criminal history category, such an argument is wholly without merit.  The convictions were properly scored and his criminal history category was rightly determined.  Thus, counsel was not ineffective for failing to challenge his criminal history score. See United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument ... cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue.").

Herrera's second ground for relief is that his counsel should have challenged his order of removal, but he does not identify any basis to challenge that prior order of deportation.  Notably, he

does not claim that his prior deportation was improper or that he was in the country legally at any point. Indeed, as counsel Jenkins notes in his affidavit:

> It is true that I did not "challenge" his prior order of deportation. As far as I was aware, Mr. Herrera had initially entered the United States illegally and had never resided in the country lawfully. He was ordered deported in 2004 following convictions in Texas for offenses which, at the time of the deportation order, were considered aggravated felonies, that is, possession with intent to deliver and delivery of a controlled substance. I am not aware of any realistic basis on which I could have challenged the prior order of deportation.

(D.E. 47-2, Jenkins Affidavit at ¶ 6.) The record, likewise, does not contain any evident basis for such a challenge. It was not deficient of counsel, therefore, to not challenge the prior removal order, nor has Herrera made any showing of prejudice. See Kimler, supra.

In his reply, Herrera seems to be claiming that counsel should have objected to the *use* of his prior removal because Herrera never admitted the removal and it was not alleged in the indictment.[5]

This argument, too, is without merit. The offense he pleaded guilty to was illegal reentry after deportation. When he pleaded guilty, Herrera agreed with the AUSA's description of the offense, which included a statement that Herrera had been convicted of a felony drug charge on March 12, 2003 in Dallas County, Texas, and that he had been previously removed from the United States on Mary 12, 2005. (D.E. 29, R. Tr. at 17-18.) Herrera told the Court that he did not disagree with any part of the description of the offense, nor did he want to add anything to it. (R. Tr. at 18-19) Thus, he in fact admitted the removal. There is simply no basis for counsel to have challenged the use of

---

[5] In connection with this claim, Herrera alleges that counsel should have been familiar with "the law of the case doctrine." (D.E. 50 at 1.) "The law of the case doctrine contemplates that 'an issue of fact or law decided on appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal.'" United States v. Williams, 517 F.3d 801, 806 (5th Cir. 2008) (citation omitted). This doctrine had no application in Herrera's underlying criminal proceedings, which had not yet been appealed.

that removal. Herrera has not shown deficiency or prejudice, therefore, and this claim fails, too. See Kimler, supra.

Finally, the only other argument that the Court believes Herrera could possibly be making is a claim relying on Apprendi v. New Jersey, 530 U.S. 466 (2000) that counsel should have objected to the Court's imposition of a sentence beyond the two year "maximum" set forth in 8 U.S.C. § 1326(a) because Herrera's prior convictions were not referenced in the indictment nor admitted at rearraignment. This claim fails on the plain record of this case because counsel in fact objected on this ground. (D.E. 14.) The Court overruled the objection because the law made clear that the objection could not be granted. Counsel properly acknowledged this, but objected to preserve the issue for appeal. (D.E. 14 at 8.)

Herrera does not specify what else he believes counsel should have done with regard to this objection. Thus, he cannot show deficiency. Additionally, there is nothing counsel could have done at sentencing to cause the Court to reach a different result, given the state of the law. Thus, Herrera has not shown prejudice on this claim, either.

For the foregoing reasons, Herrera's claims do not entitle him to relief. Accordingly, his motion pursuant to 28 U.S.C. § 2255 is DENIED.

**C.     Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Herrera has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies

9

a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

The Court concludes that reasonable jurists could not debate the denial of Herrera's § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, Herrera is not entitled to a COA as to his claims.

## V. CONCLUSION

For the aforementioned reasons, Herrera's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 41) is DENIED. Additionally, Herrera is DENIED a Certificate of Appealability.

It is so ORDERED this 22nd day of April, 2009.

_____
Janis Graham Jack
United States District Judge